# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN L. MARTIN** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 15-4359** |
| v. | : | |
| | : | |
| **OSHA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                              APRIL 11, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Presently before this Court is a motion to dismiss filed by Defendants Occupational Safety and Health Administration ("OSHA"), Jeffrey Haffner, Kevin Kilp, Kurt Petermeyer, John A. Nocito and Keith Bell (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b), which seeks the dismissal of the complaint filed by Plaintiff Bryan L. Martin ("Plaintiff"), primarily for the failure of Plaintiff to have effectuated proper service on Defendants as required by Federal Rule of Civil Procedure 4. Though the time for doing so has long passed, Plaintiff has not filed any response to the motion. The issues presented in the motion to dismiss have been fully briefed and are ripe for disposition. For the reasons stated herein, the motion to dismiss is granted.

**PROCEDURAL BACKGROUND**

On June 15, 2015, Plaintiff, proceeding *pro se*, filed a complaint against Defendants in which he asserts various claims arising out of a worksite inspection conducted by OSHA and the administrative proceedings which followed. [ECF 1]. By Notice dated August 28, 2015, Plaintiff was informed that pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), he was

required to serve "the summons and complaint" on Defendants within 120 days of the filing of his complaint. The notice also advised that if Plaintiff failed to effectuate service within the 120 days, the action might be dismissed. In response to the notice, Plaintiff informed this Court, by letter dated September 17, 2015, [ECF 2], that he had sent "all notifications" to Defendants. Attached to Plaintiff's letter was a copy of receipts of certified mail, purportedly of Plaintiff's service on several of the named Defendants (collectively, "Proofs of Service"). These Proofs of Service, however, showed that Plaintiff had purportedly satisfied some, but not all, of the applicable service requirements.

By Order dated October 8, 2015, this Court advised Plaintiff that a review of the official record (docket) revealed that he had "not properly served the summons and complaint upon Defendants, as required by Federal Rule of Civil Procedure 4(i)(1-2)." [ECF 4]. Notwithstanding, Plaintiff was given additional time, until October 29, 2015, to properly effectuate service of "the summons and complaint." (*Id*.). Plaintiff was again warned that his failure to properly serve Defendants would "result in this action being dismissed against the aforementioned Defendants pursuant to Federal Rule of Civil Procedure 4(m)." (*Id*.).

By letters dated October 14, 2015, [ECF 5], and October 29, 2015, [ECF 6], both containing attachments, Plaintiff again informed this Court that he had served Defendants. However, the attached Proofs of Service again showed that Plaintiff had not fully complied with the requirements of Rule 4(i) since he had not served either the United States Attorney for the Eastern District of Pennsylvania or the Attorney General of the United States. As a result, by Order dated November 12, 2015, this Court dismissed this action, without prejudice, for failure to properly serve Defendants. [ECF 7].

On November 30, 2015, Plaintiff filed a "Response to Order" and a motion entitled "Discussion." [ECF 8 and 9]. Based on the context of these documents, this Court liberally construed these documents as a motion to reconsider the Court's November 12, 2015 Order and a request for additional time to properly serve Defendants. [*See* ECF 10]. By Order dated December 2, 2015, this Court vacated its previous Order dismissing the action, and granted Plaintiff additional time until January 8, 2016, "to properly effectuate service of the summons and complaint upon Defendants, as required by Federal Rule of Civil Procedure 4(i)(1-2)." (*Id*.). Plaintiff was again advised that his failure to properly serve Defendants would result in dismissal of the action. (*Id*.).

Following the issuance of a summons to be served on the United States Attorney for the Eastern District of Pennsylvania, [ECF 14], the United States Attorney accepted service on behalf of the United States Attorney *only*. [ECF 16]. On September 1, 2016, an attorney from the United States Attorney's office entered an appearance on behalf of all Defendants. [ECF 18]. Notably, in the entry of appearance, Defendants mentioned the various defects in service to date and outlined, apparently for Plaintiff's benefit, the specific requirements for serving **both** a summons and complaint onto a federal agency and/or its employees. (*Id*.). On October 17, 2016, Defendants filed a motion for an extension of time to respond to the complaint. [ECF 20]. In it, Defendants again pointed out the various service defects, including the fact that Plaintiff had, at most, mailed a copy of the summons, but not the complaint, to the individual defendants. (*Id*.). By letter to Plaintiff dated November 17, 2016, [ECF 28], Defendants again identified the various defects in Plaintiff's service attempts to date and outlined the specific service requirements of Rule 4, including that both a summons and complaint must be served on all Defendants. (*Id*.).

On December 14, 2016, Defendants filed the underlying motion to dismiss, primarily arguing that the complaint should be dismissed because Plaintiff has failed to properly serve Defendants pursuant to Rule 4. [ECF 30]. Plaintiff has not responded to the motion, though the time for doing so has long passed. This Court agrees with Defendants' argument.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed on the basis of insufficient service of process. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Federal courts lack the power to exercise personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (citations omitted). "A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4." *Grand Entm't Group, Ltd.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Proper service is still a prerequisite to personal jurisdiction.").

In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made. *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entm't*, 988 F.2d at 488-89). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Prior to the December 1, 2015 amendments,[1] Rule 4(m) imposed a 120-day time limit for perfecting service following the filing of a complaint. Fed. R. Civ. P.

---

[1] Because Plaintiff commenced this matter prior to the December 1, 2015 amendments, this Court will apply the version of Rule 4 that was in place at that time.

4(m) (amended 2015).  If service is not completed within that time period, the action is subject to a dismissal without prejudice.  *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).  In that respect, Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m) (amended 2015).

In addition to the time limits for service of process, Rule 4 sets forth the specific requirements for the manner of service which differ depending on the entity sued.  Here, Plaintiff has sued OSHA, a federal agency, as well as several OSHA employees.  To effectuate service on a governmental agency like OSHA, and/or its employees, such as the individual defendants here, Plaintiff was required to serve a copy of **both** the summons and the complaint onto the United States Attorney's Office, the Attorney General of the United States, and the federal agency and employees named as defendants.  Fed. R. Civ. P. 4(i)(1)-(3).  "[S]ervice of a summons without a copy of the complaint is not effective service."  4A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. §1093 (4th ed.); *see also Carter v. Keystone*, 278 F. App'x 141, 142 (3d Cir. 1996) (affirming dismissal of action where *pro se* plaintiff served defendant with a copy of the summons, but not a copy of the complaint).

Despite being given multiple opportunities and guidance from this Court and Defendants as to how to properly effectuate service, Plaintiff has failed in his efforts.  In their motion, Defendants, by attached affidavits, contend that they were never served with copies of the complaint in this action.  Because the issue of improper service was timely raised by Defendants,

5

Plaintiff bears the burden of demonstrating validity of service.  *See Reed*, 166 F. Supp. 2d at 1054 (citing *Grand Entm't*, 988 F.2d at 488-489).  Plaintiff has not responded to Defendants' motion, nor has he made any effort to demonstrate that he properly served **both** a summons and complaint on each Defendant in the manner prescribed by Rule 4(m).  Having failed to meet his burden of establishing that service was proper, Plaintiff's complaint must be dismissed.  Therefore, Defendants' motion to dismiss is granted.[2]

**CONCLUSION**

Based upon the foregoing reasons, Defendants' motion to dismiss is granted.  An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[2] In their motion, Defendants assert additional grounds for dismissal of Plaintiff's complaint, including failure to exhaust administrative remedies and untimeliness under applicable statutes of limitations.  Because this Court has concluded that Plaintiff failed to effectuate proper service on any of the Defendants, thereby depriving this Court of the authority to exercise personal jurisdiction over Defendants, this Court need not, and will not, address Defendants' additional grounds for dismissal.